**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

------------------------------------------------------------x
                                                :
In re                                           :          **Chapter 11**
                                                :
**TALEN ENERGY CORPORATION,** *et al.*;         :          **Case No. 22-90339 (MI)**
                                                :
                                                :          **Jointly Administered**
                                                :
            **Debtors.**                        :
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER RESOLVING OBJECTION OF TALEN GUC
TRUST TO CLAIMS OF NEXTERA ENERGY MARKETING, LLC PURSUANT TO
SECTIONS 502(b) AND (e) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

This stipulation and agreed order (this "Stipulation and Order") is entered into by and

between the Talen GUC Trust,[1] NextEra Energy Marketing, LLC ("NextEra"), and Kinder Morgan

Tejas Pipeline LLC ("KMTP", and collectively, with the Talen GUC Trust and NextEra, the

"Parties"), by and through their respective undersigned counsel, pursuant to which the Parties

stipulate as follows:

**RECITALS**

A.      On June 28, 2022, the Bankruptcy Court entered its *Order (I) Establishing*

*Procedures for Filing Proofs of Claim and (II) Granting Related Relief* [Docket No. 792] (the "Bar

---

[1] The Talen GUC Trust was established for the benefit of the Holders of Allowed Class 5A General Unsecured Claims
and Holders of Allowed Class 6 General Unsecured Convenience Claims pursuant to the *Joint Chapter 11 Plan of
Talen Energy Supply, LLC and Its Affiliated Debtors* [Docket No. 1760] (as it may be amended, modified,
supplemented or restated from time to time, the "Plan"), in the chapter 11 cases of Talen Energy Supply, LLC ("TES"),
and its affiliated debtors in possession (collectively, the "Debtors"). The Effective Date of the Plan occurred on May
17, 2023. [Docket No. 2060]. Pursuant to the *Final Decree Closing Certain Cases* (the "Final Decree") entered by
the Court on July 28, 2023 [D.E. 2162], all pending matters will now be administered and heard in the chapter 11 case
of Talen Energy Corporation, Case No. 22-90339 (MI) (the "Remaining Case") and "the Talen GUC Trust may
undertake all actions and discharge all duties in accordance with the Plan and Confirmation Order in the Remaining
Case to the same extent it could have undertaken or performed such actions or duties in the Closed Cases,
notwithstanding entry of this Order." Final Decree, ¶ 4. The term "Reorganized Debtors" is used herein when
referring to the Debtors post-Plan Effective Date.

Date Order") which established, as explicitly extended or modified pursuant to the Procedures outlined in the Bar Date Order, (i) the General Bar Date as August 1, 2022 at 5:00 p.m. (prevailing Central Time), and (ii) the Governmental Bar Date as November 7, 2022 at 5:00 p.m. (prevailing Central Time).

B.      On July 29, 2022, NextEra timely filed (i) proof of claim no. 1145 against Debtor Nueces Bay, LLC (the "NB Claim") and (ii) proof of claim no. 1634 against Debtor Talen Energy Marketing, LLC (the "TEM Claim" and with the NB Claim, the "NE Proofs of Claim").  Except for the name of the applicable Debtor, the TEM Claim and the NB Claim are identical.

C.      The NE Proofs of Claim indicate they are "contingent, unliquidated" and include an Addendum (the "Addendum") which explains the bases for the NE Proofs of Claim.  According to the Addendum, NextEra was, at the time the NE Proofs of Claim were filed, a party to certain litigation originally commenced in the 215th Judicial District Court of Harris County, Texas styled *Kinder Morgan Tejas Pipeline LLC vs. Nueces Bay LLC, Talen Energy Marketing, LLC, Texas Eastern Transmission, LP, and NextEra Energy Marketing, LLC*, Cause No. 2021-37254 (the "Lawsuit").  In the Lawsuit, Plaintiff KMTP alleged it was owed $62.4 million for the gas it provided to certain Debtors from February 13-18, 2021 during winter storm Uri in Texas, that the Debtors had erroneously paid NextEra for the gas and that NextEra had converted KMTP's gas. On July 21, 2022, the Lawsuit was removed to the Bankruptcy Court and assigned Adversary No. 22-03231.

D.      In the Addendum, NextEra alleges: "NextEra may have certain claims against Debtors related to the Lawsuit and the claims and allegations therein. Through this proof of claim, NextEra is providing notice of each and all its claims and rights against the Debtors to the extent any such claims or rights are necessary or appropriate to fully and completely assert NextEra's

2

rights against Debtors including, without limitation, breach of contract and/or indemnification."
Addendum, ¶ 3.

E.        In the Addendum, NextEra identifies three agreements (the "NextEra Agreements")
pursuant to which it does business with the Debtors.  Addendum, ¶ 4.  In regard to the NextEra
Agreements, the Addendum provides: "NextEra provides notice of its potential rights and claims
against the Debtors under the Agreements for breach of contract and/or indemnification and any
other such rights held by NextEra under the Agreements against the Debtors that are implicated in
or by the Lawsuit, or otherwise."  Addendum, ¶ 5.

F.        On September 28, 2022, upon the unopposed Motion of KMTP, the Bankruptcy
Court entered its order dismissing NextEra from the Lawsuit [Lawsuit Adv. Docket No. 25].  The
Debtors described the dismissal in their Disclosure Statement[2] as follows: "On September 28,
2022, the Bankruptcy Court granted [KMTP]'s motion for dismissal with prejudice of all claims
held by [KMTP] against defendant NextEra asserted in the [Lawsuit].  Disclosure Statement,
Section VI.L at p. 74.

G.        On May 12, 2023, the Debtors filed their *Motion for Entry of an Order (I)
Approving (A) Settlement Agreement between the Debtors and Kinder Morgan, (B) Assumption of
Existing Agreement, and (C) Entry of New Agreements, and (II) Granting Related Relief* [Docket
No. 2051] (the "Settlement Motion").  No objections were filed to the Settlement Motion and on
June 8, 2023, this Court entered its *Order (I) Approving (A) Settlement Agreement between the
Debtors and Kinder Morgan, (B) Assumption of Existing Agreement, and (C) Entry of New
Agreements, and (II) Granting Related Relief* [Docket No. 2084] (the "Settlement Approval

---

[2] Docket No. 1417.

Order").[3]   The Settlement Approval Order and Settlement Agreement (which was attached to the Settlement Motion at Docket No. 2051-3) resolved all issues in the Lawsuit between the Debtors and KMTP as well as any outstanding issues relating to cure payments owed under certain executory contracts between the Debtors and KMTP to be assumed as of the Effective Date of the Plan (the "KMTP Settlement").

H.     In accordance with the Settlement Approval Order, on June 23, 2023, the Debtors and KMTP filed their *Joint Stipulation of Dismissal* [Lawsuit Adv. Docket No. 54] dismissing the Lawsuit with prejudice as to all claims asserted against the Debtors.   As part of the Settlement Agreement, the Debtors assigned to KMTP all the Debtors' "claims relating to the sale, purchase, transportation, provision or use of natural gas during February 13–18, 2021" against NextEra (the "Assigned Debtor/NextEra Claims").   Settlement Agreement, ¶ 6.   The Talen GUC Trust was granted certain indemnification rights in the KMTP Settlement by the Debtors (now the Reorganized Debtors) and KMTP.

I.     On November 22, 2022, in conjunction with seeking confirmation of the Plan, the Debtors filed their *Notice of (I) Assumption or Rejection of Executory Contracts and Unexpired Leases, and (II) Cure Claims Related to Assumption in Connection with Confirmation of Plan. Filed by Talen Energy Supply, LLC* [Docket No. 1562] (the "Cure Notice").   Schedule 1 to the Cure Notice identified those executory contracts to be assumed by the Debtors on the Effective Date of the Plan and identified the dollar amount, if any, needed to cure any defaults under such executory contracts.   If a contract counterparty disagreed with the alleged cure amount, it was required to file an objection to the Cure Notice.

---

[3] The Settlement Approval Order was not appealed and is now final.

4

J.       According to the Cure Notice, the NextEra Agreements were going to be (and now have been) assumed by the Debtors on the Effective Date of the Plan and no cure payments were owed to NextEra under the assumed NextEra Agreements.  *See* Cure Notice, Ex. A, p. 54 of 84. NextEra did not object to the Cure Notice or the allegation that no cure amounts were due.  The NextEra Agreements have now been assumed by the Reorganized Debtors.

K.       On July 13, 2023, the Talen GUC Trust filed its *Objection of Talen GUC Trust to Claims of NextEra Energy Marketing, LLC  Pursuant to Sections 502(b) and (e) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure* [Docket No. 2121] (the "Objection") seeking disallowance of the NE Proofs of Claim on various grounds, including, *inter alia*, that the claims were contingent and unliquidated and that the dismissal of the Lawsuit and assumption of the NextEra Agreements had eliminated the stated bases for the NE Proofs of Claim. KMTP was not a party to the Objection and no relief was sought in the Objection against KMTP by the Talen GUC Trust.

L.       On July 28, 2023, KMTP filed its *Limited Objection and Reservation of Rights to Talen GUC Trust's Objection to Claims of NextEra* [Docket No. 2160] (the "Limited Objection") asking the Court to bar the Talen GUC Trust from "attempting to indirectly litigate claims against NextEra in a claim objection, which were assigned by the Debtor to KMTP as part of the [KMTP] Settlement."  Limited Objection, ¶ 9 and prayer.

M.       On August 1, 2023, NextEra filed its *(I) Response to Talen GUC Trust's Objection to Claims of NextEra Energy Marketing, LLC and (II) Notice of Withdrawal of Claim Numbers 1145 & 1634* [Docket No. 2179] (the "NE Response").  In the NE Response, NextEra indicated it would withdraw the NE Proofs of Claim, but sought to reserve all rights in the event KMTP asserts or seeks to pursue the Assigned Debtor/NextEra Claims.

N.      Bankruptcy Rule 3006 limits the ability of a creditor to withdraw a proof of claim after a claim objection has been filed without the approval of the Court.

O.      The Parties have agreed to resolve the issues raised in the Objection, Limited Objection and NE Response in accordance with the terms and conditions of this Stipulation.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      The NE Proofs of Claim, Claim Nos. 1145 against Debtor Nueces Bay, LLC and 1634 against Debtor Talen Energy Marketing, LLC, are hereby withdrawn with prejudice. NextEra will not assert any future claims against the Talen GUC Trust relating to or arising from the Assigned Debtor/NextEra Claims, the NextEra Agreements or any other interactions and relationships between NextEra, KMTP and the Debtors or Reorganized Debtors.

2.       Notwithstanding the foregoing, nothing in this Stipulation and Order shall be deemed or interpreted to waive, modify, or prejudice any relief, remedies, claims, rights, objections, or defenses available to NextEra in any future proceedings commenced by KMTP arising from or related to the Assigned Debtor/NextEra Claims.  All of NextEra's rights, objections, and defenses to any such claims asserted by KMTP are expressly preserved and reserved in all respects as against KMTP and/or the Reorganized Debtors.

3.      Nothing in this Stipulation and Order shall be deemed to impair any rights, claims, causes of action, or defenses granted to KMTP pursuant to the KTMP Settlement and the Assigned Debtor/NextEra Claims.

4.      Nothing in this Stipulation and Order shall be deemed to impair any rights granted to the Talen GUC Trust pursuant to the KTMP Settlement.

5.      This Stipulation and Order contains the entire agreement between the Parties as to its subject matter.  This Stipulation and Order may not be modified, amended, or vacated other than by a signed writing executed by the Parties.

6.      This Stipulation and Order shall be effective immediately upon entry by the Court.

7       This Stipulation and Order is and shall be binding on the Parties and their successors and assigns.

8.      Each Party represents by signing below it has authority to enter into, perform, and take all actions necessary to implement the terms of this Stipulation and Order.

9.      The Talen GUC Trust, the Claims Agent, and the Clerk of the Court, as applicable, are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Stipulation and Order, including effectuating the withdrawal of the NE Proofs of Claim.

10.     The Court retains exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation and Order.

11.     This Stipulation and Order may be executed by the Parties in multiple counterparts.

**APPROVED AND SO ORDERED.**


_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

DOCS_NY:48189.2 82853/003

By: */s/ Benjamin L. Wallen*
Benjamin L. Wallen (TX Bar No. 24102623)
Ayala A. Hassell (TX Bar No. 01009800)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: 713-691-9385
Facsimile: 713-691-9407
Email: bwallen@pszjlaw.com
Email: ahassell@pszjlaw.com

Judith Elkin (TX Bar No. 06522200)
780 Third Avenue; 34th Floor
New York, NY 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Email: jelkin@pszjlaw.com

*Counsel to the Talen GUC Trust*

By: */s/ Patricia Williams Prewitt*
Patricia Williams Prewitt
**Law Office of Patricia Williams Prewitt**
TX Bar No. 21566370
2456 FM 112
Taylor, TX 76574
Telephone: (512)352-6760
Facsimile: (713) 583-2833
Email: patti@pprewittlaw.com

-and-

John C. Frizzell
TX Bar. No. 07484650
Adi Sirkes
TX Bar No. 24117059
**REYNOLDS Frizzell LLP**
100 Louisiana Street Suite 3500
Houston, Texas 77002-5212
Telephone (713) 485-7200
Facsimile (713) 485-7250
Email: jfrizzell@reynoldsfrizzell.com
Email: asirkes@reynoldsfrizzell.com

*Counsel for Kinder Morgan Tejas Pipeline LLC*

By: */s/ Stephen M. Pezanosky*
Stephen M. Pezanosky
**HAYNES AND BOONE, LLP**
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile: 817.347.6650
Email: stephen.pezanosky@haynesboone.com

Martha Wyrick
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: 214.651.5000
Facsimile: 214.651.5420
Email: martha.wyrick@haynesboone.com

*Counsel for NextEra Energy Resources, LLC*

8