UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re | § § § | Chapter 11 |
| TALEN ENERGY CORPORATION, | § § § | Case No. 22-90339 (MI) |
|  | § § |  |
| Reorganized Debtor.[1] |  |  |

GUC TRUSTEE'S TWENTY-SECOND
OMNIBUS OBJECTION TO CERTAIN CLAIMS
(Modified Debtor Claims)

> **THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO MODIFY THE CLAIM(S) THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE MODIFIED WITHOUT A HEARING.**

> **THIS OBJECTION SEEKS TO MODIFY CERTAIN CLAIMS.**
>
> **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 TO THE PROPOSED ORDER ATTACHED AS EXHIBIT B TO THIS OBJECTION.**

The Talen GUC Trustee (the "GUC Trustee") of the Talen GUC Trust (the "GUC Trust") established pursuant to the confirmed *Joint Chapter 11 Plan of Talen Energy Supply, LLC and Its Affiliated Debtors* [Case No. 22-90054, Docket No. 1722] (including any exhibits and schedules thereto, the "Plan")[2] files this objection (this "Objection"), respectfully requesting entry of an order, substantially in the form attached hereto as **Exhibit B** (the "Proposed Order"), modifying

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number are 7305, and the Debtors' primary mailing address is 2929 Allen Parkway, Suite 2200, Houston, TX 77019. The chapter 11 cases of the affiliates of the Reorganized Debtor were closed effective as of July 28, 2023, and a complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' Claims and Noticing Agent at https://cases.ra.kroll.com/talenenergy.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

4889-9073-0136.1 82853.003

certain General Unsecured Claims as listed on **Schedule 1** to the Proposed Order (the "Modified Debtor Claims"), which were asserted against the incorrect Debtor entity.[3]  In support of the Objection, the GUC Trustee relies on the *Declaration of Earnestiena Cheng in Support of GUC Trustee's Twenty-Second Omnibus Objection To Certain Claims (Modified Debtor Claims)*, attached hereto as **Exhibit A** (the "Declaration") and respectfully states as follows:

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested in this Objection are sections 105(a) and 502 of Title 11 of the United States Code (the "Bankruptcy Code"); Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); Rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"); and Paragraphs 33-35 of the *Procedures for Complex Cases in the Southern District of Texas*, effective October 18, 2023 (the "Complex Case Procedures").

### Background

**A.    General Background**

3. Commencing on May 9, 2022, Talen Energy Supply, LLC and certain of its affiliates (collectively, the "Initial Debtors") filed with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  On December 12, 2022, related entity Talen Energy Corporation

---

[3] For the avoidance of doubt, this Objection does not include any administrative, priority, or secured portions of the Modified Debtor Claims, as applicable.

2

("TEC," and after the Effective Date, the "Reorganized Debtor," and together with the Initial Debtors, the "Debtors" and, as reorganized, the "Reorganized Debtors") filed with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

4. The Debtors operated their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code and their chapter 11 cases were jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

5. On December 15, 2022, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of Talen Energy Supply, LLC and Its Affiliated Debtors* [Case No. 22-90054, Docket No. 1760] (the "Confirmation Order"), confirming the Debtors' Plan.[4]

6. On May 17, 2023, the Plan went effective and the Debtors emerged as the Reorganized Debtors. *See Notice of Effective Date of Joint Chapter 11 Plan of Talen Energy Supply, LLC and Its Affiliated Debtors* [Case No. 22-90054, Docket No. 2060].

7. The Plan and Confirmation Order established the GUC Trust on the Effective Date pursuant to the terms of that certain *GUC Trust Agreement* (the "GUC Trust Agreement"). *See* Case No. 22-90054, Docket No. 2063. On the Effective Date, the GUC Trustee was appointed to administer the GUC Trust.

8. Article VII.A of the Plan allocates the responsibility for reconciling Claims between the Reorganized Debtor and the GUC Trust. Specifically, Article IV.N of the Plan provides that the GUC Trustee, among other things, is the exclusive administrator of the GUC Trust Assets "as well as a representative of the Estate of each of the Debtors appointed pursuant

---

[4] On December 20, 2022, the Bankruptcy Court issued an amended Confirmation Order at Docket No. 1760, solely to delete the word "proposed" from the title.

3

to section 1123(b)(3)(B) of the Bankruptcy Code with respect to any matters involving Class 5A General Unsecured Claims, Class 5B Uri Other Claims, or Class 6A General Unsecured Convenience Claims under the Plan and for purposes of carrying out the GUC Trustee's duties under the GUC Trust Agreement." Plan, at Art. IV.N.1.[5]

9. Pursuant to the Plan and the GUC Trust Agreement, "the GUC Trust is established for the benefit of the Holders of Allowed Class 5A General Unsecured Claims and Holders of Allowed Class 6 General Unsecured Convenience Claims (each such claimholder, a "<u>GUC Trust Beneficiary</u>" and collectively, "<u>GUC Trust Beneficiaries</u>") for the purpose of (i) collecting, holding, administering, distributing and liquidating the GUC Trust Assets for the benefit of the GUC Trust Beneficiaries in accordance with the terms of this GUC Trust Agreement, the Plan, and the Confirmation Order, and (ii) making distributions to the GUC Trust Beneficiaries, in each case to the extent required by and permitted under the Plan." *See* GUC Trust Agreement, p. 1.

10. Article VII of the Plan provides that, after the Effective Date, the Reorganized Debtor and the GUC Trust have, as to the Claims within their respective scope of authority under the Plan, the authority to (i) file, withdraw, or litigate to judgment objections to Claims, (ii) settle or compromise any Claim without any further notice to or action, order, or approval by the Bankruptcy Court, and (iii) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court. *See* Plan, at Art. VII.B.

11. On July 28, 2023, the Court entered the *Final Decree Closing Certain Cases* [Case No. 22-90054, Docket No. 2162] (the "<u>Final Decree</u>"), closing each of the Debtors' chapter 11

---

[5] Article VII grants the Reorganized Debtor the responsibility for the reconciliation of all Claims other than Claims in the Trust Beneficiary Classes (defined below). *See* Plan, at Art. VII.A.

cases except the Reorganized Debtor's case. Pursuant to the Final Decree and the Confirmation Order, all objections to claims shall be filed, administered, and heard in the chapter 11 cases of the Reorganized Debtor. *See* Final Decree, ¶ 4; *see also* Confirmation Order, ¶ 61. In addition, the Final Decree provided that "the [GUC Trust] may undertake all actions and discharge all duties in accordance with the Plan and Confirmation Order in the Remaining Case to the same extent it could have undertaken or performed such actions or duties in the Closed Cases, notwithstanding entry of this Order." *See* Final Decree, ¶ 4.

### B.   The Claims Reconciliation Process

12.   On May 10, 2022, among other things, the Court entered its *Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Claims, Noticing, and Solicitation Agent* [Case No. 22-90054, Docket No. 59], pursuant to which, among other things, Kroll Restructuring Administration LLC currently serves as the Reorganized Debtors' claims and noticing agent (the "Claims Agent") and is required to maintain the official Claims Register in the Debtors' chapter 11 cases (the "Claims Register").

13.   On May 18, 2022, the Court entered the *Order (I) Authorizing Debtors to (A) File a Consolidated Creditor Matrix and a Consolidated List of 30 Largest Unsecured Creditors and (B) Redact Certain Personal Identification Information and (II) Approving Form and Manner of Notifying Creditors of Commencement of Chapter 11 Cases and Other Information* [Case No. 22-90054, Docket No. 237] pursuant to which the Court, among other things, (i) established August 1, 2022 at 5:00 p.m. (prevailing Central Time) (the "General Bar Date") as the deadline for all non-governmental units to file proofs of claim (each, a "Proof of Claim") against any of the Debtors, and (ii) approved the form of notice of commencement of these chapter 11 cases, which specified the General Bar Date.

14. On June 25, 2022, the Debtors filed their Statements of Financial Affairs and their Schedules of Assets and Liabilities [Case No. 22-90054, Docket Nos. 635-778]; on November 15, 2022, Debtor, Talen Montana, LLC, filed its Amended Schedule of Assets and Liabilities [Case No. 22-90054, Docket No. 1477]; and on December 12, 2022, Debtor, TEC, filed its Statements of Financial Affairs and Schedules of Assets and Liabilities [Docket Nos. 5-6] (collectively, the "Debtors' Schedules").

15. On June 28, 2022, the Court entered the *Order (I) Establishing Procedures for Filing Proofs of Claim and (II) Granting Related Relief* [Case No. 22-90054, Docket No. 792] (the "Bar Date Procedures Order," and the deadlines set forth therein for filing Proofs of Claim, collectively, the "Bar Dates," and each a "Bar Date"), which established procedures for filing Proofs of Claim on or before the General Bar Date. The Bar Date Procedures Order also set the Bar Date to file a proof of claim relating to the Debtors' rejection of an executory contract or unexpired lease as the later of (a) the General Bar Date or Government Bar Date, as applicable, and (b) thirty (30) days after entry of any order authorizing the rejection of such executory contract or unexpired lease, including entry of the Confirmation Order.[6]

16. To date, over 46,000 Claims have been filed against or scheduled by the Debtors in these chapter 11 cases. The GUC Trustee and its advisors have commenced the claims reconciliation process as more fully discussed herein.

17. On October 5, 2023, the Court entered the *Order (I) Identifying Specified Claims Subject to Certain Plan Provisions and Related Distribution Rights with Respect thereto and (II) Granting Related Relief* [Docket No. 79], which was amended on October 19, 2023 by order

---

[6] As set forth in that certain Order [Case No. 22-90054, Docket No. 1736], separate Bar Dates were established as to Debtor TEC. Claims asserted against TEC are the responsibility of the Reorganized Debtors and are not the subject of this Objection.

6

[Docket No. 90] (as amended, the "GUC Trust Non-Distribution Order"). The GUC Trust Non-Distribution Order, *inter alia*, identified, under the terms of the Plan, certain Claims that were not within Class 5A (General Unsecured Claims), Class 5B (Uri Other Claims), or Class 6A (General Unsecured Convenience Claims) (collectively, the "Trust Beneficiary Classes") and the treatment of certain Claims under the terms of the Plan. The GUC Trust Non-Distribution Order had the effect of resolving the approximately 36,000 Claims subject thereto as to the GUC Trust in an efficient and transparent manner under the terms of the Plan. As a result of the GUC Trust Non-Distribution Order, there are now approximately 3,000 Claims which must be reviewed and reconciled by the GUC Trust.

18. On December 11, 2023, the Court entered the *Order (A) Approving (I) Omnibus Claims Objections Procedures and (II) Filing of Substantive Omnibus Claims Objections, and (B) Granting Related Relief* [Docket No. 146] (the "Omnibus Procedures Order"), wherein the Court, among other things, (a) approved certain additional grounds (the "Additional Grounds") for filing omnibus objections; (b) authorized the GUC Trust among others to file and prosecute omnibus objections in accordance with *Objection Procedures* attached as Annex 1 to the Omnibus Procedures Order; and (c) approved a *Withdrawal of Claim Form* attached as Annex 2 to the Omnibus Procedures Order for use by creditors to withdraw claims regardless of whether such claims are subject to an objection.

**Basis for Relief**

19. Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed, unless a party in interest objects to the filed proof of claim. Objections to claims may be filed based upon one of the enumerated grounds in section 502(b) of the Bankruptcy Code. Under the Bankruptcy Code, scheduled claims are treated as proofs of claim. *See* 11 U.S.C. § 1111(a)

("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent or unliquidated."). All claims filed in these chapter 11 cases, as well as the Debtors' Schedules, must be reviewed as part of the claims reconciliation process.

20. An objection to a proof of claim must be made in writing, and the claimant must be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. *See* FED. R. BANKR. P. 3007(a). Objections may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons. *See* FED. R. BANKR. P. 3007(d)(1)-(2) (authorizing the filing of omnibus objections for claims that "have been filed in the wrong case"). Additionally, the Omnibus Procedures Order, *inter alia*, authorizes the filing of omnibus objections based upon the Additional Grounds, including with respect to Claims that "are asserted against non-Debtors, the incorrect Debtor, or are filed against multiple Debtors."

21. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g., In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." To receive the benefit of prima facie validity, a proof of claim must assert factual allegations that would entitle the claimant to a recovery. *In re Heritage Org., LLC*, 04-35574 (BJH), 206 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006).

22. Indeed, prima facie validity under Bankruptcy Rule 3001(f) "can be overcome by rebuttal evidence . . . ." *In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). A

claimant's proof of claim is entitled to the presumption of prima facie validity only until an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence." *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

### The Modified Debtor Claims

23. As indicated above, the GUC Trustee and its advisors have reviewed, and continue to review, the proofs of claim filed in these chapter 11 cases as well as the Debtors' Schedules and have identified certain claims to which the GUC Trustee currently objects.

24. Pursuant to Bankruptcy Code section 502, Bankruptcy Rule 3007(d), and the Omnibus Procedures Order, the GUC Trustee objects to each of the Modified Debtor Claims listed on **Schedule 1** to the Proposed Order. The GUC Trustee believes that each of the Modified Debtor Claims are filed Proofs of Claim that are filed against the incorrect Debtor entity and should be modified to reflect the correct Debtor entity listed in the corresponding "Modified Debtor" column. The GUC Trust and its professionals have reviewed the documentation attached to each Modified Debtor Claim and the Claims Register, as well as the Debtors' financial records, and has determined based on such information along with discussions with the Reorganized Debtors and their professionals, that each Modified Debtor Claim is filed against the incorrect Debtor entity.

25. In accordance with Local Rule 3007-1(a), **Schedule 1** identifies for each claimant: (a) the name of the claimant; (b) the entity against which the claim was asserted; (c) the Proof of

Claim number; (d) the date the Proof of Claim was filed; (e) the amount of the claim and the classification of the claim as secured, priority unsecured, or general unsecured; (f) the grounds for objection to the asserted Debtor entity; and (g) the modified Debtor entity.

26. To avoid improper recovery from the GUC Trust, for the reasons stated above, the GUC Trustee requests that the Court modify the Debtor entity against which the Modified Debtor Claims are asserted to the correct Debtor entity as listed in the "Modified Debtor" column in **Schedule 1**. If the Modified Debtor Claims are not modified, the Holders thereof would receive a recovery from the GUC Trust to which they are not entitled under the Plan, to the detriment of the GUC Trust Beneficiaries.

## Reservation of Rights

27. This Objection is limited to the grounds stated herein and accordingly is without prejudice to the rights of the GUC Trustee, Reorganized Debtors, or any other party in interest to object to any claim on any grounds whatsoever, and the GUC Trustee expressly reserves all other substantive or procedural objections that it may have. Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the GUC Trust, Reorganized Debtors, or Debtors, as applicable, (ii) a waiver of the GUC Trust's, Reorganized Debtors', or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the GUC Trust's, Reorganized Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law, or (iv) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. The GUC Trust expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Modified Debtor Claims or any other claims that may be asserted against the Debtors' estates.

**Separate Contested Matter**

28.     To the extent that a response is filed regarding any Modified Debtor Claim and the GUC Trustee is unable to resolve such response, such Modified Debtor Claim and this Objection as it pertains to such Modified Debtor Claim will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the GUC Trustee requests that any order entered by the Court regarding the opposition or other reply asserted in response to this Objection be deemed a separate order with respect to each claim.

**Notice**

29.     Notice of this Objection will be served on the Holders of the Modified Debtor Claims, as well as any party entitled to notice pursuant to Bankruptcy Rule 3007 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

**Conclusion**

**WHEREFORE**, based upon the foregoing, the GUC Trust respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 22, 2023.          Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

By: /s/ *Ayala Hassell*
Benjamin L. Wallen (TX Bar No. 24102623)
Ayala A. Hassell (TX Bar No. 01009800)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: 713-691-9385
Facsimile: 713-691-9407
Email: bwallen@pszjlaw.com
          ahassell@pszjlaw.com

- and –

Judith Elkin (TX Bar No. 06522200)
780 Third Avenue; 34th Floor
New York, NY 10017
Telephone: 212-561-9385
Facsimile: 212-561-7777
Email: jelkin@pszjlaw.com

*Counsel to the Talen GUC Trust*

### CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2023, a true and correct copy of the above and foregoing was caused to be served through this Court's CM/ECF noticing system to all parties registered to receive notices in these cases.

*/s/ Ayala A. Hassell*
Ayala A. Hassell, Esq.