IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TALEN ENERGY CORPORATION, | § | Case No. 22-90339 (MI) |
| | § | |
| | § | |
| Reorganized Debtor.[1] | § | |
| | § | |

## STIPULATION AND AGREED ORDER BY AND BETWEEN WYOMING VALLEY SANITARY AUTHORITY AND THE GUC TRUST

The Talen GUC Trust (the "GUC Trust") established pursuant to the confirmed *Joint Chapter 11 Plan of Talen Energy Supply, LLC and its Affiliated Debtors* [Case No. 22-90054, Docket No. 1722] (including any exhibits and schedules thereto, the "Plan")[2] and claimant, Wyoming Valley Sanitary Authority (the "Claimant" and, together with the GUC Trust, the "Parties"), hereby enter into this stipulation and agreed order (the "Stipulation"), and by and through the undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS**, commencing on May 9, 2022, each of the Debtors, other than Talen Energy Corporation ("TEC"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On December 12, 2022, TEC filed with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

**WHEREAS**, on December 15, 2022, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of Talen Energy Supply, LLC and its*

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number are 7305, and the Debtors' primary mailing address is 2929 Allen Parkway, Suite 2200, Houston, TX 77019. The chapter 11 cases of the affiliates of the Reorganized Debtor were closed effective as of July 28, 2023, and a complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' Claims and Noticing Agent at https://cases.ra.kroll.com/talenenergy.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

*Affiliated Debtors* [Case No. 22-90054, Docket No. 1760], confirming the Debtors' Plan (the "Confirmation Order").

**WHEREAS**, on May 17, 2023 (the "Effective Date"), the Plan went effective and the Debtors emerged as the Reorganized Debtors and the GUC Trust was created. *See* Case No. 22-90054, Docket No. 2060.

**WHEREAS**, Article VII.A of the Plan allocates the responsibility for reconciling claims between the Reorganized Debtor and the GUC Trust. Article IV.N of the Plan provides that the GUC Trustee is the exclusive administrator of the GUC Trust Assets with respect to any matters involving Class 5A General Unsecured Claims, Class 5B Uri Other Claims, and Class 6 General Unsecured Convenience Claims. Further, with respect to these claims, Art. VII.B provides that, after the Effective Date, the GUC Trust has the authority to (i) file, withdraw, or litigate to judgment objections to claims, (ii) settle or compromise any claim, and (iii) administer and adjust the claims register to reflect any such settlements or compromises, all without any further notice to or action, order, or approval by the Bankruptcy Court.

**WHEREAS**, on July 28, 2022, Claimant filed a proof of claim against Debtor, Talen Energy Marketing, LLC in the amount of $2,416,736.16, which is identified as proof of claim no. 1017 ("Claim 1017") in the Debtors' claims register.

**WHEREAS**, the Parties wish to resolve all claims filed or asserted by Claimant against the Debtors' estates.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY THE PARTIES AND, UPON APPROVAL OF THIS STIPULATION BY THE COURT, IT IS SO ORDERED AS FOLLOWS:**

1. The above recitals are incorporated by reference herein with the same force and effect as if fully set forth hereinafter.

2. Claim 1017 is hereby allowed as a Class 5A General Unsecured Claim against Debtor, Talen Energy Marketing, LLC in the amount of $2,296,062.00 (the "Allowed Claim"). The Allowed Claim shall be treated solely as a Class 5A Claim in accordance with the terms of the Plan.

3. Claimant hereby stipulates and agrees that any other claims (other than the Allowed Claim), whether scheduled, filed, asserted, or made by it in the Debtors' chapter 11 cases are hereby withdrawn, with prejudice, in their entirety without the necessity for any further objection, notice, or filing.

4. Claimant hereby stipulates and agrees that it will not file or assert any other claims in the Debtors' chapter 11 cases and shall not be entitled to any distribution from the GUC Trust other than as expressly provided for herein with respect to the Allowed Claim.

5. Claimant hereby represents that it has not transferred or assigned any claim (or any portion thereof) that is the subject of this Stipulation.

6. The Debtors' claims agent and/or the Clerk of the Court, as applicable, are authorized and directed to update the Debtors' claims register maintained in these chapter 11 cases to reflect the relief granted in this Stipulation.

7. The GUC Trust is authorized to take all actions necessary or appropriate to effectuate the terms of this Stipulation.

8. This Stipulation may be executed by electronic means and the printed product of such shall constitute an original of this Stipulation. This Stipulation may be executed and delivered in any number of counterparts, each of which, when so executed and delivered, shall be and constitute an original and one and the same document.

9. Each individual signing this Stipulation on behalf of any party acknowledges and, with respect to their own signature below, warrants and represents that they are authorized to

execute this Stipulation in the representative capacity indicated below and on behalf of the party there indicated.

10. The Parties each acknowledge that they have had the opportunity to seek advice of their own counsel in negotiating, drafting, and executing this Stipulation. Each party expressly disclaims any reliance on any statements or representations not expressly made in this Stipulation in deciding whether to enter this Stipulation and warrants that such party will not assert that it was fraudulently induced into entering this Stipulation by any party or non-party.

11. This Court retains exclusive jurisdiction and power to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

**IT IS SO ORDERED.**

Signed: _____, 2024

                                                                     MARVIN ISGUR
                                                                      UNITED STATES BANKRUPTCY JUDGE

*[Signature Page Follows]*

**AGREED AS TO FORM AND CONTENT:**

Dated: November 14, 2024

/s/ Benjamin L. Wallen
**PACHULSKI STANG ZIEHL & JONES LLP**
Benjamin L. Wallen (TX Bar No. 24102623)
Ayala A. Hassell (TX Bar No. 01009800)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
bwallen@pszjlaw.com
ahassell@pszjlaw.com

- and -

Judith Elkin (TX Bar No. 06522200)
780 Third Avenue; 34th Floor
New York, NY 10017
Telephone: 212-561-9385
Facsimile: 212-561-7777
jelkin@pszjlaw.com

*Counsel to the Talen GUC Trust*

**LAW OFFICE OF DAVID HARRIS**
David J. Harris, Esq.
67-69 Public Square, Ste. 700
Wilkes-Barre, PA 18701
Telephone: (570) 823-9400
Email: dh@lawofficeofdavidharris.com

*Counsel to Wyoming Valley Sanitary Authority*