United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| LOIS BUSINESS DEVELOPMENT CORPORATION,[1] | ) Case No. 22-90267 (MI) |
|  | ) |
|  | ) (Formerly Jointly Administered Under Lead |
| Reorganized Debtor. | ) Case Cineworld Group plc, Case No. 22-90168) |
|  | ) **Re Docket Nos. 534, 596** |

**STIPULATION AND AGREED ORDER RESOLVING REORGANIZED DEBTOR'S NINTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM FILED BY ROBERT THORNTON AND/OR ANY ADDITIONAL OR SUBSTITUTE CLASS REPRESENTATIVE AND RESPONSE THERETO**

This Stipulation and Agreed Order (the "Stipulation and Agreed Order") is entered into by and among the above-captioned reorganized debtor (the "Reorganized Debtor," and prior to the Effective Date, the "Debtor") and claimant Robert Thornton, and/or any Additional or Substitute Class Representative, (the "Claimant," and together with the Reorganized Debtor, the "Parties"). The Parties hereby stipulate and agree as follows:

**RECITALS**

A. On September 7, 2022 (the "Petition Date"), the Debtor and certain of its affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). The cases were jointly administered under the lead case, *In re Cineworld Group plc*, et al., Case No. 22-90168 (Bankr. S.D. Tex.) (MI).[2]

---

[1]   The location of Reorganized Debtor Lois Business Development Corporation's principal place of business and the Reorganized Debtor's service address in this chapter 11 case is:  101 E. Blount Avenue, Knoxville, TN 37920-1605.

[2]   Unless otherwise indicated, docket references in this Stipulation refer to the lead case docket.

42518596v.1

B.  On June 28, 2023, the Court entered its *Order Approving the Debtors' Disclosure Statement and Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of Cineworld Group plc and its Debtor Subsidiaries* [Docket No. 1982] (the "Confirmation Order") confirming the *Debtors' Third Amended Joint Chapter 11 Plan of Reorganization of Cineworld Group plc and its Debtor Subsidiaries* [Docket No. 1943] (the "Plan").[3] The Effective Date of the Plan occurred on July 31, 2023.[4] The Litigation Trust (as defined in the Plan) was established pursuant to the terms of the Plan.

C.  The Plan provides that, on and after the Effective Date, (i) the Reorganized Debtors supervise and administer the resolution, settlement, and/or payment of all claims against the Debtors' estates other than "Class 5A General Unsecured Claims against the Class 5A Debtors" and "Class 5B General Unsecured Claims against the Class 5b Debtors" (collectively, the "General Unsecured Claims"), and (ii) the Litigation Trust supervises and administers the liquidation, resolution, settlement, and/or payment of all General Unsecured Claims against the Debtors, as more fully set forth in the Plan and the Litigation Trust Agreement.[5]

D.  On January 17, 2023, Claimant filed Proof of Claim Nos. 2215, 2222, 2259, and 2266 (collectively, the "Thornton Claims"), among others. The Thornton Claims each assert unliquidated general unsecured claims (this portion of the Thornton Claims, the "Unliquidated GUC") and priority claims under section 507(a)(4) of the Bankruptcy Code (this portion of the Thornton Claims, the "Unliquidated Priority Claims") on account of an alleged putative class action lawsuit filed in the United States District Court for the Eastern District of California prior

---

[3]  Capitalized terms used but not defined herein have the meanings given to them in the Plan.

[4]  *See* Docket No. 2067

[5]  *See, e.g.,* Plan, Art. VIII.C.1 (p. 75); Plan, Art. V.B. (p. 55).

to the Petition Date captioned *Thornton v. Regal Cinemas, Inc., et al.,* Case No. 2:20-CV-00628-JAM-CKD (the "Lawsuit").

E. On September 24, 2024, the Reorganized Debtor filed its *Ninth Omnibus Objection to Certain Proofs of Claim Filed by Robert Thornton and/or Any Additional or Substitute Class Representative* [Docket No. 534] (the "Thornton Claim Objection").

F. Pursuant to paragraph 2 of the *Order (I) Approving Omnibus Claims Objection Procedures and (II) Authorizing the Reorganized Debtor to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007* [Docket No. 133] (the "Omnibus Procedures Order"), the Litigation Trust consented to the Reorganized Debtor's filing of the Thornton Claim Objection and the relief requested therein.

G. On October 23, 2024, counsel for the Claimant served counsel for the Reorganized Debtor via email with a letter, which was intended to serve as the Claimant's response to the Thornton Claim Objection, which was also filed on the docket at Docket No. 596 (the "Response").

H. Prior to filing this Stipulation and Agreed Order, the Reorganized Debtor consulted with the Litigation Trust regarding the form and content of this Stipulation and Agreed Order in accordance with the Procedures Order. Counsel to the Litigation Trust does not oppose the form or substance of the Stipulation and Agreed Order.

I. The Reorganized Debtor and Claimant have agreed to resolve the Thornton Claim Objection and the Response as provided herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION AND AGREED ORDER, IT IS ORDERED** as follows:

1.     The foregoing recitals are hereby incorporated by reference into this Stipulation and Agreed Order with the same force and effect as if fully set forth herein.

2.     The Thornton Claims are hereby modified and reclassified to be fully unliquidated general unsecured claims (the "Modified Thornton Claims").

3.     For the avoidance of doubt, the relief agreed to in this Stipulation and Agreed Order does not seek to allow any of the Thornton Claims and/or Modified Thornton Claims and nothing herein affects the Reorganized Debtor's and/or Litigation Trust's, as applicable, rights to object to the Modified Thornton Claims on any applicable grounds, including but not limited to any objections pursuant to Bankruptcy Rule 7023, and Federal Rule 23.

4.     Kroll Restructuring, Inc., as claims, noticing and solicitation agent, is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Stipulation and Agreed Order.

5.     Notwithstanding the relief agreed to in this Stipulation and Agreed Order and any actions taken pursuant to such relief, nothing in this Stipulation and Agreed Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor and/or Reorganized Debtor entity; (b) a waiver of the Reorganized Debtors' or Litigation Trusts' rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Thornton Claim Objection or this Stipulation and Agreed Order; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an implication or admission by the Debtors, the Debtors' estates, the Reorganized Debtors, and/or the Litigation Trust that the Modified Thornton Claims and/or Thornton Claims were properly filed

class claims under Bankruptcy Rule 7023 and Federal Rule 23; or (g) a waiver of the Reorganized Debtors' and/or Litigation Trust's rights under the Bankruptcy Code or any other applicable law.

6. By entering into this Stipulation and Agreed Order, the Debtors, their estates, or the Reorganized Debtors, and the Litigation Trust, as applicable are not waiving and will not be deemed to have waived any available rights, counterclaims, or defenses, including at law, equity, or otherwise, including with respect to the Lawsuit, the Thornton Claims, or the Thornton Modified Claims.

7. Neither this Stipulation and Agreed Order, nor any negotiations and writings in connection with this Stipulation and Agreed Order, will in any way be construed as or deemed to be evidence of or an admission on behalf of any of the Parties regarding any claim or right that such party may have against any other of the Parties.

8. Each of the Parties hereto represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Agreed Order.

9. The Reorganized Debtor is authorized to take all actions necessary to effectuate the relief granted in this Stipulation and Agreed Order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

Signed: December 06, 2024

_____
Marvin Isgur
United States Bankruptcy Judge

**IN WITNESS WHEREOF,** the Parties executed this Stipulation and Agreed Order as of the date written below.

Houston, Texas
Dated: November 14, 2024

/s/ *Vienna F. Anaya*
**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Vienna F. Anaya (TX Bar No. 24091225)
Emily Meraia (TX Bar No. 24129307)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:   (713) 752-4200
Facsimile:    (713) 752-4221
Email:         vanaya@jw.com
                   emeraia@jw.com

*Counsel to the Reorganized Debtor*


- and -

/s/ *Jonathan Lee*
**CAPSTONE LAW APC**
Robert Drexler (CA SBN 119119)
Jonathan Lee (CA SBN 267146)
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Phone:  (310) 556-4811
Facsimile: (310) 943-0396
Email:  robert.drexler@capstonelawyers.com
            Jonathan.lee@capstonelawyers.com

*Counsel to the Claimant*

42518596v.1