United States Bankruptcy Court
Southern District of Texas

**ENTERED**
February 04, 2025
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 22-90339 |
| TALEN ENERGY § | |
| CORPORATION, *et al.*, § | |
| § | |
| Debtors. § | |
| § | |
| § | CHAPTER 11 |

## MEMORANDUM OPINION

This contested matter involves an objection to the allowance of secured claims filed by GE Steam Power Inc and General Electric International, Inc. ("GE"). The claims are secured by constitutional mechanics liens under Texas law. Talen Energy Corp.'s objection seeks to reclassify GE's certain secured claims as unsecured claims pursuant to §§ 502(b)(1), 544(a)(3).

Talen may use its status as a bona fide purchaser to challenge the enforceability of GE's unrecorded liens. GE's claims secured by unrecorded liens will be treated as unsecured claims.

## BACKGROUND

On June 8, 2024, Talen filed its *Twelfth Omnibus Objection to Certain Claims Filed by GE Electric*. ECF No. 375.

The parties have resolved the treatment of all claims except for Claims Nos. 2911, 37563 & 37564. On the petition date, the disputed claims were secured by constitutional mechanic's liens under Texas law.

On September 24, 2024, GE filed its Response to the Claim Objection. ECF No. 433. On October 28, 2024, Talen filed its *Reply in Support of Reorganized Debtor's Twelfth Omnibus Objection to Certain Claims Filed by GE Electric*. ECF No. 452.

On October 30, 2024, the Court held a hearing on the Claim Objection and requested supplemental briefing on the status of a

constitutional lien in the context of a bona fide purchaser under Texas law. ECF No. 455.

On December 6, 2024, the parties filed their supplemental briefing. ECF Nos. 481, 482. The Court took the matter under advisement on the same date.

Because Talen has the rights of a bona fide purchaser under Texas law, GE's unrecorded liens are not enforceable against it.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## DISCUSSION

Proofs of Claim Nos. 2911, 37563 & 37564 assert secured claims aggregating $758,756.42. The claims are secured by unrecorded constitutional mechanics liens under Texas law. Talen seeks to render the secured claims as general unsecured claims pursuant to §§ 502(b)(1) and 544(a)(3). Because Talen prevails on its § 544 theory, the Court need not analyze its alternative avenue seeking the same relief.

The statute of limitations precludes Talen from affirmatively avoiding the unrecorded liens under § 544. 11 U.S.C. § 546(a). The issue is whether Talen can use its § 544(a)(3) powers defensively against the enforcement of the constitutional liens securing the Claims.

Because Talen's status as a bona fide purchaser is not time-limited, it may assert its BFP status defensively. A good defense is often better than a good offense. In this case, it is a game changer.

Talen, as the debtor in possession, assumes all the rights, powers, and duties of a trustee under § 1107(a) of the Code. Section 544(a)(3) confers the trustee with (1) the status of a hypothetical bona fide purchaser, and (2) the power to avoid certain prepetition transfers of real property. *In re Santoyo*, 540 B.R. 284, 289 (Bankr. S.D. Tex. 2015); *In re Miller*, 2020 WL 1933922, at *3 (Bankr. N.D. Georgia 2020)

("Section 544(a)(3) gives the trustee a status as well as an avoiding power because it uses the disjunctive word "or" when describing the trustee's powers-avoidance power and status power."); *In re Asia Glob. Crossing, Ltd.*, 344 B.R. 247, 254–55 (Bankr. S.D.N.Y. 2006). Section 544(a)(3) provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> (3) A bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

While the Code grants Talen the status of a bona fide purchaser, Texas law defines the effect of that status. *In re Santoyo*, 540 B.R. at 289 (citing *Mut. Benefit Life Ins. Co. v. Pinetree, Ltd. (In re Pinetree, Ltd.)*, 876 F.2d 34, 36 (5th Cir. 1989)). Under Texas law, constitutional mechanic's liens are unenforceable against a purchaser who has neither actual nor constructive notice of the lien. *Cont. Sales Co. v. Skaggs*, 612 S.W.2d 652, 653 (Tex. Ct. App. 1981).

Talen's actual notice of the constitutional lien is irrelevant because federal law preempts the state law actual notice element by the language, "without regard to any knowledge of the trustee or of any creditor." § 544; *In re Santoyo*, 540 B.R. at 289–90. A bona fide purchaser can be charged with constructive notice if the constitutional lien holder files a lien affidavit with the county clerk within the fifteenth day of the fourth month after the month in which the work was

completed. TEX. PROP. CODE § 53.052(a) (2022). It is undisputed by the parties that GE did not file a timely lien affidavit.

Talen is not seeking to avoid the unperfected constitutional liens subject to the statute of limitations under § 546. The limitations period has run on a § 546 avoidance action. Rather, Talen is seeking to assert its affirmative defense as a bona fide purchaser against the enforceability of the constitutional lien.

Section 546 does not impose a limitations period on Talen's ability to assert its status as a bona fide purchaser and raise any affirmative defenses. *See In re Buchholz*, 224 B.R. 13, 22 n.6 (Bankr. D.N.J. 1998) ("[T]he plain language of section 546 only bars the bringing of an action under section 544, it does not terminate the *status* of a trustee as a *bona fide* purchaser.").

GE argues that § 544(a)(3) does not permit Talen's defensive use of its BFP status to subordinate a secured claim into an unsecured claim based on the unenforceability of the underlying lien when the statute of limitations to avoid the lien expired under § 546. Based on the disjunctive language of § 544(a)(3), GE claims that the "rights and powers" of a BFP must be separate and distinct from the enumerated avoidance power. In that vein, GE argues that § 544(a)(3) only provides defenses to "reformation, mutual mistake and other post-petition attempts of creditors to obtain a lien that did not exist as of the petition date, but do[es] not permit the defensive use of time-barred avoidance actions." ECF No. 482 at 7. GE's authorities do not limit the use of § 544(a)(3) as a defense against post-petition creations of liens.

In *In re Rent A Tent, Inc.*, 568 B.R. 442 (Bankr. N.D. Ga. 2012), a bank sought equitable reformation of deeds to impose a lien on the debtor's real property. *Id.* at 453–55. The court found that the debtor's shareholders against whom reformation was sought would not be prejudiced by the reformation. *Id.* at 454. While the court found adequate grounds for reformation, it held that a trustee may raise its BFP status without commencing an avoidance proceeding as a defense

against reformation. *Id.* at 455–56 ("[A] Georgia court would not reform a deed to the detriment of a bona fide purchaser for value without notice of the encumbrance."). To be sure, there was no lien to avoid in that case, so the limitations period of the avoidance provision was irrelevant.

The *Rent A Tent* court relied on the holding in *In re Bloxsom*, 389 B.R. 52 (Bankr. W.D. Mich. 2008), which addressed a similar situation where the creditor sought reformation of a mortgage deed based on mutual mistake. The real property remained unencumbered without reformation. The court characterized the trustee's "so called avoidance action as actually a request for declaratory relief concerning Defendants' claimed right to reform the mortgages vis-à-vis the bankruptcy estate's own right as a hypothetical buyer of that property who had purchased it in good faith." *Id.* at 57–58.

*In re Sheeley*, No. 08-32316, 2012 WL 8969064 (Bankr. S.D. Ohio Apr. 2, 2012) involves an analogous situation but does not support GE's contention that the defensive use of § 544 only applies to prevent post-petition creation of liens. In *Sheeley*, there was an enforceable prepetition mortgage against the debtors' property notwithstanding defects in the legal description of the property. *Id.* at *5 (Ohio law dictates that in the absence of fraud or duress, "a mortgage is enforceable between the mortgagor and the mortgagee even if the mortgage contains a defect or is improperly executed or recorded."). The bank sought declaratory judgment to assert that it possessed a valid mortgage lien on real property and sought reformation to correct the defects. *Id.* at *3. The *Sheeley* court was inclined to grant reformation, but the intervening bankruptcy filing purportedly gave the chapter 13 trustee rights of a BFP, which were superior to those of the bank, based on § 544(a)(3).[1] *Id.* at *5. The *Sheeley* court held that the property

---

[1] Courts dispute whether chapter 13 trustees are entitled to use § 544(a)(3) powers. *Sheeley* reasons that because § 103(a) incorporates chapter 5 into chapter 13, § 544 is applicable to chapter 13 trustees. *See In re Sheeley*, 2012 WL 8969064 at *7. A leading treatise supports the proposition that chapter 13 trustees are allowed to exercise chapter 5 avoidance powers. *See* 8A C.J.S. *Bankruptcy* § 262 (2022) ("[T]he omission of 11 U.S.C.A. § 704(a)(1) from the Chapter 13 trustee's duties, as enumerated

belonged to the bankruptcy estate free of the mortgage because a mortgage cannot be reformed if it would prejudice the rights of an intervening bona fide purchaser. *See id.* at *12, *14, *15 ( "§ 544(a) is unambiguous and grants the trustee . . . the powers and rights of a bona fide purchaser, irrespective of whether those rights and powers are used to avoid a transfer of an interest in property or *simply to defeat a mortgage*, such as the Mortgage in this case . . ." (emphasis added)).

The holding in *In re Miller*, 2020 WL 1933922 (Bankr. N.D. Ga. Apr. 21, 2020) does not involve reformation of defective deeds to create a lien post-petition. The court held that a chapter 7 trustee could object to the secured status of a claim by using its BFP status defensively. *Id.* at *3. The lien involved a security deed and subsequent assignments that were misfiled in a different county from where the real property was located. *Id.* at *1. The parties agreed that the security deed was valid between the parties without recording but was not valid against a BFP under Georgia law. *Id.* at *2. The court ruled that the trustee's assertion of its BFP status was not limited by the limitations period imposed by the lien avoidance provisions because it was used defensively. *Id.* at *5–6 ("[S]ection 546(a) restricts only the power of a chapter 7 trustee to avoid such transfers, not the trustee's ability to rely on her rights as a BFP.").

Here, Talen did not commence an adversary proceeding to avoid the constitutional liens. Section 546 only imposes a limitation period to **commence** an "action or proceeding under section 544 . . . ." 11 U.S.C. § 546(a). GE has filed claims against the estate. Like in *Miller*, Talen is asserting its BFP status defensively on a claim objection outside the limitations period. *In re Miller*, 2020 WL 1933922 at *7. It is not **commencing** anything.

In Texas, the assertion of a bona fide purchaser status is an affirmative defense against the enforcement of a constitutional

---

in 11 U.S.C.A. § 1302(b)(1), cannot be read so far as to preclude the use of the Chapter 5 avoidance powers by the trustee . . . ."). For purposes of this Memorandum Opinion, the Court is only analyzing *Sheeley* for its application of § 544(a)(3).

mechanic's lien if it is supported by pleadings and evidence. *See Cont. Sales Co. v. Skaggs*, 612 S.W.2d 652, 653 (Tex. Civ. App. 1981). Talen's use of the affirmative defense is not prohibited by the holdings in these cases and by the statutory construction of § 544.

The strong-arm powers protect the estate from unperfected security interests and allow equitable distribution to unsecured creditors. To serve that purpose, § 544 gives a trustee more than mere avoidance powers. It gives a BFP status, which remains in effect without regard to § 546(a)(1).

There is no evidence in this case that GE engaged in any wrongful conduct or hid its claim of a constitutional lien. But, when considering the breadth of "bona fide purchaser" status, broader policy implications exist. Imagine a hypothetical creditor that chose not to participate in a bankruptcy case by "riding through" the case. A trustee would have no knowledge of the alleged constitutional lien. If the statute of limitations applied to ***status,*** it would be valueless to the Trustee. By imposing a limit on status that is not in the statute, the Court would create perverse incentives to holders of unperfected liens. Requiring a trustee to commence a proceeding to avoid a lien without affording the trustee BFP status protection would leave the estate defenseless against enforcement of undetected liens by creditors.

Because Talen can raise its BFP defense, the unrecorded constitutional liens are unenforceable. Proofs of Claim Nos. 2911, 37563 & 37564 are reclassified as general unsecured claims.

## CONCLUSION

A separate order will be entered.

SIGNED 02/04/2025

_____
Marvin Isgur
United States Bankruptcy Judge